IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DANIEL S. GARZA, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | C.A. NO. C-06-306 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|     Respondent. | § | |

**MEMORANDUM AND RECOMMENDATION
ON RESPONDENT'S MOTION FOR SUMMARY JUDGMENT**

Petitioner is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division, and currently is incarcerated at the Wayne Scott Unit in Angleton, Texas. Proceeding pro se, petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254 on July 10, 2006. (D.E. 1, at 13). On September 6, 2006, respondent filed a motion for summary judgment arguing that petitioner's habeas petition is time barred. (D.E. 9, at 1). Petitioner filed his own motion for summary judgment, as well as a response to respondent's motion for summary judgment on October 18, 2006. (D.E. 13 & 14).

For the reasons stated herein, it is respectfully recommended that the respondent's motion for summary judgment be granted, and in the alternative, that the petition be dismissed as not ripe for consideration. It is further respectfully recommended that petitioner's motion for summary judgment be denied, and that

petitioner's request for habeas relief be dismissed with prejudice.

## I. JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where the conviction was obtained. 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000). Petitioner was convicted by the 347th Judicial District Court of Nueces County, Texas. Therefore, jurisdiction is proper in this Court.

## II. BACKGROUND

On October 9, 1989, petitioner was convicted of burglary of a habitation. State of Texas v. Garza, 89-CR-1021-H. Pursuant to a plea agreement, Judge Vernon Harville deferred an adjudication of guilt and placed petitioner on five years probation. Ex parte Garza, App. No. 42,861-01 at 89. On November 6, 1990, petitioner pleaded no contest to three counts of burglary of a habitation with intent to commit sexual assault. State of Texas v. Garza, 90-CR-0409-H; 90-CR-0425-H; 90-CR-0410-H. In May 1990, the state moved to adjudicate guilt for the 1989 conviction, and Judge Joaquin Villarreal sentenced petitioner to ninety-nine years imprisonment. Garza, App. No. 42,861-01 at 92.

Petitioner filed notice of appeal, but his appeal was dismissed for want of

jurisdiction. Garza v. State, 815 S.W.2d 832 (Tex. App. 1991). On April 6, 1999, petitioner filed a state application for writ of habeas corpus to challenge the conviction that he also challenges in this petition. Ex parte Garza, App. No. 42,861-01 at 2. On November 17, 1999, the Texas Court of Criminal Appeals denied the application without written order based on the trial court's findings. Id. at cover. On July 28, 2005, petitioner filed state applications for writ of habeas corpus challenging his other three convictions. Ex parte Buentello, App. Nos. 42,861-02; 42,861-03; 42,861-04. On November 16, 2005, the Texas Court of Criminal Appeals denied these applications without written order on the trial court's findings. Id. at cover.

Petitioner filed this habeas petition on July 10, 2006. (D.E. 1, at 13). He argues that his petition is not time barred because of a 2005 change in state law. Id. at 11. He also claims that he filed a subsequent state application for writ of habeas corpus. Id. at 12. Respondent filed a motion for summary judgment on September 6, 2006, asserting that the petition should be dismissed because it is time barred. (D.E. 9, at 2). In his response to respondent's allegation that his petition is time barred, petitioner provided documentation to support his claim that he filed a state application for habeas corpus in December 2005. (D.E. 14, at 7). After he learned that the state court never received that application, he filed another

state application for habeas corpus, which was received on August 23, 2006. (D.E. 13, at 11).

### III.  PETITIONER'S ALLEGATIONS

Petitioner argues that he is entitled to habeas relief based on the following grounds: (1) the trial court erred by admitting the judicial confession; (2) there was insufficient evidence to support the punishment assessed; (3) a misdemeanor offense was erroneously admitted at sentencing; (4) his petition is not time barred. (D.E. 1, at 7-10).

### IV.  EXHAUSTION OF STATE COURT REMEDIES

A federal writ of habeas corpus from an inmate in state custody shall not be granted unless the inmate has exhausted his remedies at law in the state courts, or there is an absence of state court remedies or circumstances that render state remedies insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1). Petitioner filed an application for state writ of habeas corpus on August 23, 2006. (D.E. 13, at 11).  There is no evidence in the record that the state courts have completed their review of this new application.

The Fifth Circuit has held that "courts are expected 'to exercise discretion in each case to decide whether the administration of justice would be better served by insisting on exhaustion or by reaching the merits of the petition forthwith.'"

Horsley v. Johnson, 197 F.3d 134, 136 (5th Cir. 1999) (quoting Granberry v. Greer, 481 U.S. 129, 131 (1987)).  It further stated that "comity and judicial economy make it appropriate to insist on complete exhaustion where 'unresolved questions of fact or of state law might have an important bearing....'" Id. at 137 (quoting Granberry).  If there are no unresolved questions of fact or state law, and the state court would likely refuse to consider a petition because it would be an abuse of the writ, then "there is no reason to insist on complete exhaustion." Id.  Furthermore, "[i]t has long been accepted that when a state court disposes of unexhausted claims on purely procedural grounds, those claims become exhausted." Barrientes v. Johnson, 221 F.3d 741, 748 n.8 (5th Cir. 2000) (citing Gray v. Netherland, 518 U.S. 152, 161 (1996)).

    Petitioner argues that his claims are not time barred and that he has not failed to exhaust his state remedies because he attempted to file a state habeas application within one year after the state law changed.  (D.E. 14, at 5).  He asserts that it is not his fault, but rather the fault of the clerk of the District Court of Nueces County, Texas, that his application was never filed.  Id.

    Petitioner bases his claim for federal habeas relief, at least in part, on an intervening change in Texas state law.  (D.E. 1, at 12).  Nonetheless, for this Court to rule on petitioner's federal habeas petition before the state has had the

opportunity to decide the merits of his similar state application, and thus before petitioner has clearly exhausted his state remedies or proven that they are insufficient, is contrary to 28 U.S.C. § 2254. Respondent has reserved an "exhaustion defense and any related procedural bar defense" related to petitioner's state application for habeas relief. (D.E. 9, at 2 n.1). It is respectfully recommended that petitioner has failed to exhaust his remedies in state courts, and that his petition should be dismissed due to his failure to exhaust state remedies.

## V.  DISCUSSION

Respondent does not address the merits of petitioner's claims, but rather moves the Court to grant summary judgment in favor of respondent because petitioner's habeas petition is time barred. (D.E. 9).

**A.     Motion for Summary Judgment Standard of Review.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764 (5th Cir. 2000). Summary judgment is appropriate where there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A court must consider the record as a whole by reviewing all pleadings, depositions, affidavits, and admissions on file, and by drawing all reasonable inferences in favor of the party opposing the motion. Caboni v. Gen. Motors Corp., 278 F.3d

448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988). The controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that summary judgment is not appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fields v. City of S. Houston, 922 F.2d 1183, 1187 (5th Cir. 1991). The non-movant cannot rest on the mere allegations of the pleadings to sustain his burden, but must set forth material controverted facts in the response to the motion for summary judgment. Fed. R. Civ. P. 56(e); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. ContiCommodity Servs., Inc. v. Ragan, 63 F.3d 438.

441 (5th Cir. 1995); Celotex, 477 U.S. at 322-23.

**B.     The AEDPA's Statute of Limitations.**

The Antiterrorism and Effective Death Penalty Act ("AEDPA"), which took effect in April 1996, provides a one-year statute of limitations for state prisoners to challenge a conviction by the filing of a federal petition for habeas corpus relief. Prieto v. Quarterman, 456 F.3d 511, 514 (5th Cir. 2006) (citing 28 U.S.C. § 2241(d)).  A petitioner has one year from the date his conviction becomes final to file his federal petition for habeas relief.  Id.  For convictions that became final before the 1996 effective date of the AEDPA, federal habeas applicants had until April 24, 1997, one year after the AEDPA's effective date, in which to file a federal habeas petition.  Grillette v. Warden, Winn Corr. Ctr., 372 F.3d 765, 769 (5th Cir. 2004) (citing Melancon v. Kaylo, 259 F.3d 401, 404 (5th Cir. 2001)).  A properly filed state application for post-conviction relief tolls the AEDPA period of limitations for the entire time the state application is pending.  Id. (citing Smith v. Ward, 209 F.3d 383, 384 (5th Cir. 2000)).  A state application for post-conviction relief is pending "until the application has achieved final resolution through the State's post-conviction procedures."  Carey v. Saffold, 536 U.S. 214, 220 (2002).

Under "rare and exceptional circumstances," equitable tolling may also apply pursuant to the AEDPA.  In re Wilson, 442 F.2d 872, 875 (5th Cir. 2006)

(per curiam) (quoting Fierro v. Cockrell, 294 F.3d 674, 682 (5th Cir. 2002)). Equitable tolling may only apply "'where it is necessary to preserve a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" Id. (quoting Fierro, 294 F.3d at 682). In addition, petitioner's failure to comply with the AEDPA's statute of limitations must result from "an extraordinary factor beyond the plaintiff's control" that prevents his filing on time. Felder v. Johnson, 204 F.3d 168, 174 (5th Cir. 2000). Ignorance of the law is insufficient to warrant equitable tolling, even for a pro se petitioner. See Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999).

**C.   Application of the Statute of Limitations to Petitioner's Claims**.

Petitoner was sentenced on May 7, 1990. Ex parte Garza, App. No. 42,861-01, at 91. Pursuant to Texas law, he had until September 1991 to file a petition for discretionary review. (D.E. 7, at 3). Because his conviction became final before the effective date of the AEDPA, petitioner had until April 24, 1997 to file a federal habeas petition for post-conviction relief. Grillette, 372 F.3d at 769. Petitioner did not file the instant petition before the statutory limitations period expired, and has presented no allegations or evidence that "rare and exceptional circumstances" beyond his control kept him from filing a federal habeas petition during the past sixteen years. See Felder, 204 F.3d at 174.

Petitioner argues that his claims are not time barred because of a 2005 change in Texas law. (D.E. 1, at 12). However, he has failed to show that any such change gives rise to a federal claim for habeas relief that was not cognizable prior to 2005. In order to receive federal habeas relief pursuant to 28 U.S.C. § 2254, a petitioner must show that "he is in custody in violation of the Constitution or laws or treaties of the United States." Id. at § 2254(a). Petitioner has failed to allege any constitutional claim that arose after the AEDPA's limitations period expired. He claims that his confession was inadmissible, and that the evidence was insufficient to support his conviction, and that the trial court erred by admitting a prior misdemeanor offense at sentencing. (D.E. 1, at 7). These claims arose at the time his conviction became final in 1991, and the limitations period for them expired in 1997. His assertion that his claims are not barred because of a 2005 change in state law does not give rise to a constitutional claim for federal habeas relief that did not exist before that time. See 28 U.S.C. § 2254(a); see also Pemberton v. Collins, 991 F.2d 1218, 1223 (5th Cir. 1993).

It is respectfully recommended that the instant petition for federal habeas corpus relief is time barred pursuant to the AEDPA, and that petitioner has failed to present any circumstances which would entitle him to equitable tolling. It is therefore recommended that the instant petition for federal habeas corpus relief be

dismissed with prejudice.

## VI.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may sua sponte rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability "may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon Slack, 529 U.S. at 483).

As to claims district courts reject solely on procedural grounds, a petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate the denial on substantive or procedural grounds nor find that the issues presented are adequate to proceed. Miller-El, 537 U.S. at 327 (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that petitioner is not entitled to a certificate of appealability.

## VII. RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that this petition for writ of habeas corpus be dismissed for failure to exhaust state remedies.

Alternatively, it is respectfully recommended that respondent's motion for summary judgment be granted, petitioner's motion for summary judgment be denied, and petitioner's request for § 2254 relief be dismissed with prejudice because it is untimely. Finally, it is respectfully recommended that petitioner be denied a certificate of appealability.

    Respectfully submitted this 20th day of November 2006.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 8(b) of the Rules Governing § 2254 Cases; Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except on grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).